USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2022

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

IN RE: EX PARTE APPLICATION OF KEVIN HELLARD
AND JONATHAN THIELMANN, JOINT TRUSTEES IN
BANKRUPTCY OF ANATOLY LEONIDOVICH MOTYLEV,
PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT
DISCOVERY FOR USE IN A FOREIGN PROCEEDING

-----------------------------------------------------------------X

1:21-MC-00864 (GHW)(KHP)

**EX PARTE ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Petitioners Kevin Hellard and Jonathan Thielmann submitted an ex parte application requesting that the Court, pursuant to 28 U.S.C. § 1782, authorize Petitioners to issue subpoenas to Bank of America N.A., Citigroup Inc., JP Morgan Chase Bank N.A., HSBC Bank, Bank of New York Mellon Corporation, Standard Chartered Bank, Deutsche Bank Trust Company Americas, and Commerzbank AG (collectively, "Subpoenaed Entities"), demanding that they produce records and other documents of transactions involving Anatoly Leonidovich Motylev ("Motylev"). Petitioners, who serve as Joint Trustees in the English bankruptcy proceedings of Motylev, seek this Application to trace the funds misappropriated by Mr. Motylev and his associates and to bring claims in the English Bankruptcy Proceeding to recover those assets wherever they may be found for the benefit of the bankruptcy estate. Having reviewed Petitioners submissions, the Court finds that the application should be GRANTED.

Section 1782 empowers a United States district court to order any person residing within its jurisdiction to provide discovery for use in a foreign proceeding pursuant to the application of an interested party. 28 U.S.C. § 1782(a). Applicants for discovery under Section 1782 must meet three statutory requirements: "(1) the person from whom discovery is sought must reside or be found in the district in which the application was made, (2) the discovery must be 'for use in a foreign proceeding before a foreign tribunal', and (3) the applicant must

be either a foreign tribunal or an 'interested person.'" *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 128 (2d Cir. 2017) (citing *Certain Funds, Accounts and/or Inv. Vehicles v. KPMG, LLP*, 798 F.3d 113, 117 (2d Cir. 2015)).

Provided the statutory requirements for discovery are met, the Court must then determine, in its discretion, whether the discovery should be permitted in light of the four so-called *Intel* factors. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004). These factors are as follows:

- Whether the person from whom discovery is sought is a participant in the foreign proceeding;
- The nature and character of the foreign tribunal and proceedings before it, as well as the tribunal's receptivity to U.S. federal-court judicial assistance;
- Whether the discovery request is an attempt to circumvent foreign proof-gathering restrictions or policies of a foreign country or the United States; and
- Whether the discovery is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-65. When evaluating these factors, the Court must be mindful of the goals of Section 1782: to provide efficient means of assistance to participants in international litigation and to encourage foreign countries by example to provide similar means of assistance to U.S. courts. *Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 97 (2d Cir. 2020).

In the instant case, the application confirms that the Subpoenaed Entities reside in the Southern District of New York. Further, Petitioner intends to use the proposed discovery in a foreign proceeding – the English Bankruptcy Proceeding. *Lancaster Factoring Co. Ltd. v. Mangone,* 90 F.3d at 42 (finding that a pending foreign bankruptcy proceeding was a "proceeding" within meaning of the statute). As part of that proceeding, the Petitioners, as the Joint Trustees, are charged with tracing and recovering assets for the benefit of the estate.

(Hellard Decl. ¶¶ 35, 131.)  The information concerning fund flows between the Motylev companies that is being requested from the U.S. Banks is directly related to that effort.  *See, In re Application of Hill,* 2005 WL 1330769, at *5 (S.D.N.Y. June 3, 2005) (to demonstrate that the discovery is for use in the foreign proceeding, the petitioner must show that the "requested information [is] sufficiently related to the pending" proceeding).  Finally, Petitioners are interested persons given their role as parties to the foreign proceeding, and as Joint Trustees of Motylev's estate.  Therefore, the Court finds that Petitioner meets the statutory criteria of Section 1782.

Further, consideration of the four Intel factors also warrant granting Petitioners § 1782 application.  *See Intel Corp.*, 542 U.S. at 364-65.  First, the discovery sought is from entities that are not participating in the foreign proceeding.  The Court recognizes that the U.S. banks are third parties whose information obtained by means of this § 1782 application may help the Joint Trustees recover assets for the benefit of the estate, therefore weighing in favor of granting the Petitioners application.

The second factor – nature of the foreign proceedings and receptivity of the foreign tribunal to federal-court assistance – requires courts to consider "(1) whether United States assistance would offend the foreign country, and (2) whether the material sought is admissible in the foreign tribunal." *In re Application of Gemeinshcaftspraxis Dr. Med. Schottdorf*, 2006 WL 3844464, at *6 (S.D.N.Y. Dec. 29, 2006).  Here, Petitioners argue that the additional discovery would assist the English High Court by providing information on the location of Mr. Motylev's

assets to be recovered. The Court agrees and finds that this weighs in favor of granting Petitioners application.

Finally, there is nothing to suggest that the application is an attempt to circumvent any foreign proof gathering restrictions or is unduly burdensome. The discovery sought is solely to identify the fund flows and this information is squarely within the Banks records which are routinely sought and produced via § 1782 petitions. *See, e.g. In re Application of Hornbeam Corp.*, 2014 WL 8775453, at *5 (S.D.N.Y. Dec. 24, 2014) (ordering production of bank records, including wire transfers, pursuant to § 1782).

## Conclusion

Accordingly, Petitioners are hereby authorized to issue the proposed subpoenas. Respondents shall have 14 days from their receipt of the subpoenas to object or otherwise respond to the requests therein. Further, when serving the subpoenas, Petitioners are directed to simultaneously serve a copy of this Order on the recipients/Respondents.

**SO ORDERED.**

DATED:   New York, New York
         March 4, 2022

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge