UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re *Ex Parte* Application of Kevin Hellard and Jonathan Thielmann, Joint Trustees in Bankruptcy of Anatoly Leonidovich Motylev, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding,<br><br>Petitioner. | Misc. Case No. 21-mc-00864 |

### DECLARATION OF TATIANA MARKEL

I, Tatiana Markel, under penalty of perjury, declare that the following is true and correct:

1. I am an attorney at the firm of Baker & Hostetler LLP, counsel to Kevin Hellard and Jonathan Thielmann, in their capacity as Joint Trustees in the English Bankruptcy Proceeding of Anatoly Leonidovich Motylev (the "Joint Trustees").

2. I submit this Declaration in support of Joint Trustees' Opposition to the Limited Motion filed by Megainvest Overseas Limited ("Megainvest") to Vacate this Court's Order Granting the Joint Trustees' Application pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding (the "1782 Application") and to Quash the Joint Trustees' Subpoena for the Production of Documents to the Bank of New York ("BNY Subpoena").

3. On Friday, March 11, 2022, one week after the Court Granted the Joint Trustees' 1782 Application, counsel for Megainvest (Lucas Bento, Esq. of Quinn Emanuel) contacted us via email to schedule a meet and confer in connection with Megainvest's intended motion to intervene in the proceedings. Mr. Bento informed us that he wished to meet and confer that day. We were unavailable, and the meet and confer was scheduled for the following Monday, March 14, 2022.

4. On Monday, March 14, 2022, I participated in a telephone conference with Mr. Bento. Mr. Bento stated that Megainvest intended to intervene and then seek to quash the BNY Subpoena to the extent it seeks documents related to Megainvest. Mr. Bento asked if the Joint Trustees would withdraw those requests. Mr. Bento was unclear of the precise basis for the request. I responded that I doubted very much that the Joint Trustees would withdraw the requests, but that perhaps they'd be willing to narrow those requests. Mr. Bento replied that narrowing the requests was insufficient, and that absent a withdrawal of the requests, Megainvest would be filing the motion. I indicated that, although I did not believe there was a possibility of the request being withdrawn, especially without a full explanation from Megainvest as to why the requests were improper, I would speak to the Joint Trustees and revert.

5. The next morning, at 8:54am, Mr. Bento wrote in an email that Megainvest intended to file its motion to intervene that day and asked the Joint Trustees to consent. I responded that, provided the motion was only on Megainvest's right to intervene in this proceeding (rather than to intervene *and* seek to quash), the Joint Trustees would likely not oppose. I also stated that "as I am sure you expected, we wanted to confirm that we will not be modifying the subpoena *to remove requests related to Megainvest*. Obviously, our position is that we are well within our rights here." Later that day, Megainvest's motion was filed.

6. The Joint Trustees served the Bank of New York with the BNY Subpoena. The Bank of New York, though counsel, objected to the BNY Subpoena on various grounds, and the Joint Trustees responded to those objections. The parties are in the process of meeting and conferring to resolve Bank of New York's objections.

Date: May 23, 2022

           _s/Tatiana Markel_____
           Tatiana Markel